UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-322-FDW
(3:88-cr-136-FDW)

| | |
|---|---|
| DONALD POSTELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1), and on Petitioner's Motion to Dismiss, (Doc. No. 6). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore grants Petitioner's Motion to Dismiss and dismisses the Motion to Vacate.

Petitioner filed the instant Motion to Vacate on May 21, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:88-cr-136. In his underlying criminal case, Petitioner was indicted on August 3, 1988, for conspiracy to distribute at least five kilograms of cocaine. After a trial, a jury convicted Petitioner, and the Court sentenced Petitioner to 600 months of imprisonment. Petitioner appealed his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed both the conviction and the sentence. See United States v. Postell, 891 F.2d 287, 1989 WL 141697 (4th Cir. Nov. 17, 1989) (unpublished). Petitioner then filed a 28 U.S.C. § 2255 petition attacking his conviction on February 20, 1992.

1

The district court summarily dismissed the petition, and the Fourth Circuit affirmed the dismissal. See United States v. Postell, 23 F.3d 404, 1994 WL 170695 (4th Cir. May 6, 1994) (unpublished).

On December 27, 2011, Petitioner filed what he titled "Motion for issuance of writ of error 28 U.S.C. 1651," which this Court construed as a second § 2255 motion. This Court dismissed this second § 2255 motion as an unauthorized, successive petition. In Petitioner's pending motion to vacate under § 2255, he alleges that he no longer qualifies as a career offender after United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must obtain permission from the appropriate court of appeals before he may file a second (or third) motion under § 2255. 28 U.S.C. § 2255(h). Petitioner has not offered any evidence that he has obtained the necessary authorization from the Fourth Circuit to file his latest petition. Accordingly, this Court is without jurisdiction to consider the merits of Petitioner's motion. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that the failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of the jurisdiction to consider the second or successive petition "in the first place").

**IT IS, THEREFORE, ORDERED** that

1. Respondent's Motion to Dismiss (Doc. No. 6), is **GRANTED**, and Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a second or successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell,

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: November 9, 2012

Frank D. Whitney
United States District Judge