UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv36-FDW
(3:88-cr-136-FDW-1)

| | |
|---|---|
| DONALD POSTELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255.[1] (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.  BACKGROUND**

In his underlying criminal case, Petitioner was indicted on August 3, 1988, for conspiracy to distribute at least five kilograms of cocaine. See (Criminal Case No. 3:88-cr-136-FDW-1, Doc. No. 1). After a trial, a jury convicted Petitioner, and the Court sentenced Petitioner to 600 months of imprisonment, ten years of supervised release, and a $20,000 fine. Petitioner appealed his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed both the conviction and the sentence. See United States v. Postell, 891 F.2d 287, 1989 WL 141697 (4th

---

[1] Petitioner filed this action as a "Motion to Correct Clear Error of Amended Judgment" in his underlying criminal action. For the reasons explained here, Petitioner's claim regarding his sentence of supervised release is in the nature of a motion to vacate, set aside, or correct sentence.

1

Cir. Nov. 17, 1989) (unpublished).

Petitioner then filed a 28 U.S.C. § 2255 petition attacking his conviction on February 20, 1992. (Civil No. 3:92cv58). On September 8, 1992, this Court denied the § 2255 petition, and the Fourth Circuit affirmed the decision of this Court by order dated May 6, 1994. See United States v. Postell, 23 F.3d 404, 1994 WL 170695 (4th Cir. May 6, 1994) (unpublished). On March 12, 2001, the Fourth Circuit Court of Appeals denied a motion by Petitioner to file a successive petition. (Criminal Case No. 3:88-cr-136-FDW-1, Doc. No. 1 at 5). On August 10, 2010, the Court treated a motion to amend filed by Petitioner as a motion to vacate and dismissed it as a successive petition. (Id., Entry Dated August 10, 2010). By order dated February 22, 2011, the Fourth Circuit Court of Appeals reversed and remanded the Court's order on the basis that the motion filed by Petitioner was in fact a motion to correct a typographical error and not a § 2255 petition. United States v. Postell, 412 Fed. App'x 568, 2011 WL 609711 (4th Cir. Feb. 22, 2011) (unpublished).

On December 27, 2011, Petitioner filed what he titled a "Motion for issuance of writ of error 28 U.S.C. 1651," which this Court construed as a second § 2255 motion to vacate. (Criminal Case No. 3:88-cr-136-FDW-1, Doc. No. 19: 3:12cv576). On September 3, 2012, this Court dismissed this § 2255 motion as an unauthorized, successive petition. (Id., Doc. No. 22). Petitioner filed a notice of appeal from this order of dismissal. By order dated February 28, 2013, the Fourth Circuit dismissed Petitioner's appeal. United States v. Postell, 512 Fed. App'x 305, 2013 WL 731853 (4th Cir. Feb. 28, 2013) (unpublished).

On May 21, 2012, while his other § 2255 motion to vacate was pending, Petitioner filed another § 2255 motion to vacate, seeking relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Id., Doc. No. 21: 3:12cv322). On November 9, 2012, the Court

2

dismissed this § 2255 motion as an unauthorized, successive petition. (Id., Doc. No. 24). By order dated April 3, 2013, the Fourth Circuit dismissed Petitioner's appeal. United States v. Postell, 517 Fed. App'x 157, 2013 WL 1319787 (4th Cir. Apr. 3, 2013) (unpublished).

Petitioner filed another § 2255 petition in this Court on June 3, 2014, and that petition was also dismissed as successive on June 24, 2014. (Criminal Case No. 3:88-cr-136-FDW-1, Doc. No. 30: 3:14cv286; Doc. No. 31: Order).

On December 18, 2015, President Barack Obama entered an executive grant of clemency to Petitioner, ordering that Petitioner's term of imprisonment would expire on April 16, 2016. The grant of clemency stated in full: "I hereby further commute the total sentence of imprisonment imposed upon Donald Lamont Postell, Reg. No. 07075-058, to expire on April 16, 2016. I also remit the unpaid balance of the $20,000 fine imposed upon the said Donald Lamont Postell. I leave intact and in effect the 10-year term of supervised release with all conditions and all other components of the sentence." See (Crim. Case No. 3:88-cr-136-FDW-1, Doc. No. 32).

On January 15, 2016, Petitioner filed a "Motion to Correct Clear Error of Amendment Judgment" in his underlying criminal action. (Id., Doc. No. 33). In the motion, Petitioner contends that (1) this Court's imposition of a ten-year supervised release term violates the Ex Post Facto Clause of the U.S. Constitution, and (2) Petitioner seeks a correction of this Court's Amended Judgment to reflect that, under the clemency order, Petitioner is no longer obligated to pay a $20,000 fine.

II.     **STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner filed the instant motion, seeking to have the Court reduce his term of supervised release in Criminal Case No. 3:88-cr-136-FDW-1, based on an alleged constitutional violation in the Court's imposition of his sentence. That is, Petitioner contends that the version of 18 U.S.C. § 846 in place when Petitioner committed the underlying offense did not allow for a ten-year supervised release sentence. Petitioner contends that the ten-year sentence of supervised release, therefore, violates the ex post facto clause. Petitioner asks this Court to "correct this clear error of supervised release to reflect pre-amendment § 846 convictions." (Crim. Case. No. 3:88-cr-136-FDW, Doc. No. 33 at 3).

Despite Petitioner's characterization of the filing, Petitioner's claim is in substance a successive petition. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (stating that district courts "classify pro se pleadings from prisoners according to their contents, without regard to their captions"). Petitioner has already filed a motion to vacate challenging the same conviction and sentence, and the motion to vacate has been denied on the merits. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit

to file a successive petition.  See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Accordingly, this successive petition must be dismissed.[2]  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

Next, as to Petitioner's request that this Court correct the "Amended Judgment" in this action to reflect that the clemency order no longer obligates Petitioner to pay a $20,000 fine, the Court will correct the amended judgment to note the language of the clemency order regarding the $20,000 fine.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. The Clerk of this Court is respectfully instructed to correct the Amended Judgement to reflect the statement in the executive clemency order that the unpaid balance of the $20,000 fine imposed upon Petitioner is remitted.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

---

[2] In any event, Petitioner's ex post facto claim is procedurally defaulted because he does not appear to have raised this claim in any of his underlying proceedings.

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: January 20, 2016

Frank D. Whitney
Chief United States District Judge